# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENVER FRANKLIN SHAW, | ) |
| Plaintiff, | ) |
| v. | ) No. CIV-04-381-S |
| CARROLL WAYNE ROGERS, et. al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the court for its consideration is the defendants LeFlore County Sheriff, LeFlore County, Roy Gentry, and Carroll Wayne Rogers' Motion for Summary Judgment.

On August 25, 2004, plaintiff filed his civil rights complaint in this court. On January 9, 2007, defendants LeFlore County Sheriff, LeFlore County, Roy Gentry and Carroll Wayne Rogers filed motions for summary judgment. They argued plaintiff failed to exhaust his administrative remedies and plaintiff failed to establish any constitutional violations. Plaintiff responded to the motions.

Plaintiff appears *pro se* in this action and is an inmate in the custody of the Oklahoma Department of Corrections ("DOC"). He is currently incarcerated at the John H. Lilley Correctional Center in Boley, Oklahoma.

### STANDARDS OF SUMMARY JUDGMENT

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file,

1

together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 ( C). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party has the burden of demonstrating the absence of a genuine issue of fact. Celotex v. Catrett, 477 U.S. 317, 325 (1986). If this initial burden is satisfied, the nonmoving party then has the burden of coming forward with specific facts showing there is a genuine issue for trial as to elements essential to the nonmoving party's case. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party cannot rest on the mere allegations of the pleadings, but must go beyond the pleadings and "set forth specific facts showing there was a genuine issue for trial as to those dispositive matters for which [it} carries the burden of proof." Applied Genetics v. First Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990).

"A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Thomas v. IBM, 48 F.3d 478, 486 (10th Cir. 1995) (quoting Anderson, 477 U.S. at 248). In this regard, the court examines the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party. Deepwater Invs. Ltd. v. Jackson Hole Ski Corp, 938 F.2d 1105, 1110 (10th Cir. 1991). This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. With these standards in mind, the court turns to the merits of the

defendants' motion.

**FINDINGS OF FACT**

The court finds the facts as follows. At the time of his complaints, plaintiff was an inmate at the LeFlore County jail. On September 2, 2002, plaintiff slipped and fell in his jail cell and injured his back. Plaintiff sued defendants under 42 U.S.C. Sec. 1983 for various issues concerning this injury. He alleges the defendants violated his constitutional rights by failing to maintain the jail facility, failure to provide for medical needs and failure to train and supervise jail employees. The LeFlore County jail had procedures in place for inmates to file grievances concerning the conditions of their confinement. At the time of the allegations in plaintiff's complaint, the grievance practice and procedures at the LeFlore County jail required that an inmate make a written complaint on the appropriate form and submit the completed form to a jailer for delivery to the jail administrator. The jail administrator would then respond to the inmate in writing or in person to handle the complaint. The inmate could then appeal either the response or lack thereof to the Sheriff. The jail administrator maintained individual files for inmate grievances at the LeFlore County jail. On July 6, 2004, the LeFlore County Sheriff no longer operated the LeFlore County jail, but rather the jail became the LeFlore County Detention Center and was operated by the LeFlore County Detention Center Trust. All inmate records for the LeFlore County jail held by the jail and the sheriff's office were transferred to the LeFlore County Detention Center Trust. The inmate file of Denver Franklin Shaw was transferred from the sheriff's office to the LeFlore County Detention Center. This file does not contain any grievances submitted by the plaintiff. There was no LeFlore County jail administrator

3

grievance file for Denver Franklin Shaw transferred to the LeFlore County Detention Center. There was no file of any appeal or any grievance transferred from the sheriff's office for Mr. Shaw. Plaintiff states that he orally informed the sheriff' office of his problem, but no one ever told him there was a grievance process in place. Plaintiff, in essence, admits he did not follow the grievance procedure.

Plaintiff has also sued Johnny Rodriguez who was, at the time of the events complained of, Chief of Staff at Eastern Oklahoma Medical Center. Plaintiff was treated at that medical facility for his injuries related to the fall on September 2, 2002. Plaintiff was rendered medical care immediately after his accident. Once he arrived at the hospital he was triaged by a nurse. He was seen by a doctor who ordered three x-rays of his back be taken. He was diagnosed with a back sprain and given pain medication and relaxers. Service was attempted on Defendant Johnny Rodriguez twice. The first time was on October 26, 2004, when Xavier Villarreal, Chief Executive Officer of Eastern Oklahoma Medical Center, was served with papers for defendant Rodriguez. The second time was on October 26, 2004 and Suzy Akins, a nurse, was served with papers.

## I. Exhaustion of Administrative Remedies

At the LeFlore County Jail there was a procedure in place for the filing of grievances. The inmate was required to make a written complaint on the appropriate form to the jail administrator. Inmates would request the form from a jailer, complete the form and submit the completed form to a jailer for delivery to the jail administrator. The jail administrator when then respond to the inmate in writing or in person to handle the

complaint. If the inmate was not satisfied with the response or if there were no response to the grievance by the jail administrator an inmate could appeal such response or lack thereof to the Sheriff.

Plaintiff is required to exhaust claims prior to bringing litigation. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. Sec. 1997e(a).

In <u>Jernigan v. Stuchell</u>, 304 F.3d 1030, 1032 (10th Cir. 2002) the Tenth Circuit Court of Appeals stated:

> An inmate who begins the grievance process but does not complete it is barred from pursuing a 42 U.S.C. Sec. 1983 claim under the Prison Litigation Reform Act for failure to exhaust his administrative remedies. <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001). In <u>Wright</u>, an inmate alleged that he had substantially complied with the administrative procedures but did not see the process to its conclusion. The court noted that the PLRA does not "enable judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." <u>Wright</u> at 358.

The express language of 42 U.S.C. Sec. 1997e(a) mandates exhaustion in all suits "brought with respect to prison conditions". In the face of such a clear directive, the court cannot weigh the fairness of the exhaustion requirement or entertain exemptions from its reach. <u>Porter v. Nussle</u>, 534 U.S. 516 (2002)(holding exhaustion required for all prisoner suits, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege

Eighth Amendment violation based on use of excessive force or some
other wrong.)  After careful review, the court finds the plaintiff
has failed to make any viable argument that he has exhausted the
administrative remedies available as to his claims.  Plaintiff
failed to properly file a proper grievance in relation to his
claims.  Further, he has cited no authority or facts to
demonstrate he was denied access to those administrative
procedures.  Plaintiff simply failed to exhaust his administrative
remedies.

As to defendant Rodriguez, plaintiff alleges that as Chief of
Staff of Eastern Oklahoma Medical Center he withheld a competent,
thorough, and complete medical examination with a deliberate
indifference to plaintiff's medical need.  First, the court
questions whether defendant Rodriguez was properly served.
Defendant Rodriguez was never personally served with papers.
There is no indication in the record that he is even aware of this
lawsuit.  Second, it appears that plaintiff received ample medical
care at the facility.  He was immediately triaged by a nurse,
given x-rays and medication.  It appears plaintiff just did not
agree with his treatment methods. However, in his complaint,
plaintiff fails to allege any personal participation by this
defendant.  His only allegations against defendant Rodriguez is
that he withheld competent care, did not perform a thorough
medical examination and was deliberately indifferent to
plaintiff's medical needs.  However, the medical exam was
performed by Dr. Spears.  There is no indication that defendant
Rodriguez was present at the time plaintiff was treated.  Personal
participation is an essential element of a 42 U.S.C. Sec. 1983
claim. <u>Bennett v. Passic</u>, 545 F.2d 1260, 1262-63 (10th Cir. 1976).
Plaintiff has wholly failed to establish defendant Rodriguez's
personal participation in the events which allegedly constituted

his civil rights violation. Further, plaintiff cannot hold Rodriguez liable because he was a supervisor. There is no respondeat superior liability in a civil rights case. <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1441 (10th Cir. 1996). Accordingly, defendant Rodriguez is hereby dismissed from this lawsuit.

Accordingly, the defendants LeFlore County, Oklahoma, the LeFlore County Sheriff, Roy Gentry and Carroll Wayne Rogers are granted summary judgment as to those claims. Further, the defendant Johnny Rodriguez is hereby dismissed. This action is hereby dismissed in its entirety.

**Dated this 20th Day of April 2007.**

Frank H. Seay
United States District Judge